IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 2:19-CR-020-D(01) |
| | § | |
| RICARDO RAYMOND MAES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Ricardo Raymond Maes ("Maes") has filed a motion (filed-stamped on February 25, 2020 and docketed on March 3, 2020) requesting a judicial recommendation concerning placement in a Residential Re-entry Center ("RRC")/halfway house or release to home detention. The court denies the motion.

The court sentenced Maes on July 8, 2019 to 46 months' imprisonment. At the time of sentencing, at Maes's request, the court recommended to the Bureau of Prisons ("BOP") that Maes be incarcerated at a facility as close to Amarillo, Texas as was consistent with his security classification.

Maes now seeks another judicial recommendation. He indicates that he is scheduled for release in April 2022. Maes acknowledges that this court cannot order his release to a RRC/halfway house or home detention, but he requests a recommendation for such release based on his incarceration history and his personal characteristics. Maes does not indicate whether he has sought such release through the BOP or whether the BOP has indicated a position on such release. Maes requests a recommendation for "the maximum amount" of RRC/halfway house treatment available from this court.

The court agrees with the reasoning of Judge Crone of the Eastern District of Texas, who denied a similar motion.

> Ultimately, the Federal Bureau of Prisons ("BOP") is responsible for determining a prisoner's place of incarceration based on several statutory factors, including any recommendation by the sentencing court. Although a sentencing court is permitted to make a recommendation concerning the type of penal or correctional facility, the court is of the opinion that a determination of if and when a prisoner should be allowed to serve the remainder of his sentence in a halfway house is best left to the discretion, experience, and expertise of the BOP.

*United States v. Baker*, 2016 WL 11265415, at *2 (E.D. Tex. Jan. 5, 2016) (citation omitted). Other courts have concluded that similar requests should be directed by the defendant to the BOP:

> In *United States v. Sneed*, the Fifth Circuit declined to address the defendant's request that he be allowed to serve the remainder of his sentence on home confinement, reasoning that "such requests are properly directed to the Bureau of Prisons." 63 F.3d 381, 389 n.6 (5th Cir. 1995). Same, too, here. Every's request is best directed to the Bureau of Prisons.

*United States v. Every*, 2018 WL 3997282, at *1 (E.D. La. Aug. 21, 2018); *see United States v. Tevino*, 2010 WL 3703663, at * 1 (S.D. Tex. Sept. 14, 2010) ("The discretion to designate an appropriate placement remains with the BOP. The Court will not make recommendations concerning placement other than those statements that might have been made at the time of sentencing."). Further, the authority to make such a recommendation was available to the sentencing court at the time the sentence was imposed. Maes did not request such a recommendation at that time. The court therefore declines in its discretion to make another recommendation in a matter that is best left to the BOP to decide.

The motion is therefore denied because Maes should direct his request to the BOP.

**SO ORDERED**.

March 3, 2020.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE